IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALLIANT SOUTHSIDE, LLC,, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| SOUTHSIDE PRESERVATION PORTFOLIO, LLC, an Illinois Limited Liability Company, THE CHICAGO COMMUNITY LOAN FUND, an Illinois not for profit corporation, WOODLAWN COMMUNITY DEVELOPMENT CORPORATION, an Illinois not for profit corporation, | ) No. 09-CV-05594 ) ) Judge Joan B. Gottschall ) |
| Defendants. | ) |

## **MOTION FOR ENTRY OF CONSENT JUDGMENT OF FORECLOSURE**

Plaintiff, Alliant Southside, LLC ("Alliant") through its attorneys, Foley & Lardner, LLP, for its Motion for Entry of a Consent Judgment of Foreclosure pursuant to stipulation (attached as Exhibit A) states as follows:

1. In this case Alliant seeks to foreclose a mortgage granted by its borrower, defendant Southside Preservation Portfolio, LLC ("Southside") encumbering 25 separate multi-family properties in the City of Chicago (the "Mortgage").

2. As the parties advised the Court during a status hearing on February 10, 2010, Alliant and Southside have entered into a Forbearance and Settlement Agreement ("Agreement") under the terms of which, among other things, Alliant agreed to forbear from concluding its foreclosure so long as Southside, among other things, observed and performed all of the covenants or agreements set forth in the Mortgage. Specifically, the Agreement states:

2. **Forbearance**. Subject to compliance by Borrower with: (a) the terms and conditions of this Agreement, and (b) each and every term, provision and covenant of the Loan Documents (except for the Existing Defaults), Lender agrees that during the Forbearance Period it shall forbear from taking any action to exercise any remedies available to the Lender under the Loan Documents based on the Existing Defaults. Notwithstanding the foregoing, Lender shall have the right, at Borrower's expense, to commence, appear in, or defend any action or proceeding purporting to affect the property or improvements on the property secured by the Mortgage, and in connection therewith advance all necessary expenses, including fees of counsel. The foregoing forbearance shall not apply to any other default by Borrower of any of its other obligations under the Loan Documents. As used herein, the term **"Forbearance Period"** means the period commencing on the date hereof and expiring on the earlier of (i) December 31, 2012 (**"Forbearance Termination Date"**) or (ii) the occurrence of any Forbearance Termination Event (hereafter defined).

3. Failure to observe or perform any term, covenant or agreement contained in the Mortgage constitutes a Forbearance Termination Event under the terms of the Agreement, if such failure is not cured within the applicable cure period. Specifically, the Agreement states:

> 16. **Forbearance Termination Events**. The occurrence of any one of the following shall constitute a **"Forbearance Termination Event"** hereunder:
> \* \* \* \* \* \* \* \*
> (f) Borrower shall fail to observe or perform any term, covenant or agreement binding on Borrower and contained in any of the Loan Documents (other than the Existing Defaults, and other than any obligations which are expressly modified by the terms of this Agreement), and such failure is not cured within any applicable cure period therefor in the Loan Documents.

4. The parties further agreed that upon the occurrence of a Forbearance Termination Event, Alliant has the authority, in its sole discretion, to obtain an immediate judgment of consent foreclosure pursuant to the signed stipulation of the parties. Specifically, the Agreement provides:

> 22. **Events of Default; Remedies**. Failure to comply in any respect with any term, condition or undertaking contained in this Agreement shall constitute an event of default by Borrower under this Agreement and each of the Loan Documents, as applicable. Upon the occurrence of any Forbearance Termination Event, in addition to any other remedies available to Lender, Lender may elect, in its sole discretion, to obtain an immediate judgment of consent foreclosure under Section 15-1402 of the Illinois Mortgage Foreclosure Law with respect to the

Property, pursuant to the Consent Foreclosure Stipulation, to the extent that the Foreclosure Action is still pending.

Attached to this motion as Exhibit A is a copy of the parties stipulation to a consent foreclosure.

5. A Forbearance Termination Event has occurred because Southside failed to pay the first installment of 2009 real estate taxes on the properties encumbered by the Mortgage when due on March 2, 2010. Under Section 15(a) of the Mortgage, Southside is obligated to pay taxes when due and under Section 22(a) of the Mortgage, this failure is an event of default, and there is no cure period for such failure.

6. Attached as Exhibit B is a draft Judgment of Consent Foreclosure for execution of the Court.

WHEREFORE, Alliant respectfully requests the Court grant its Motion for Entry of a Consent Foreclosure Pursuant to the Stipulation of the Parties Attached as Exhibit A.

Dated: March 8, 2010

Respectfully submitted,

ALLIANT SOUTHSIDE, LLC,

By: /s/ William J. McKenna
     One of Its Attorneys

William J. McKenna, Jr., #3124763
Jill L. Murch, #6257217
Dean Victor, #6210334
Foley & Lardner LLP
321 North Clark Street, Suite 2800
Chicago, IL 60654-5313
Ph. 312.832.4500
Fax: 312.832.4700

CHI2_2255393.1