# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 5594 | **DATE** | 6/19/2012 |
| **CASE TITLE** | Alliant Southside, LLC vs. Southside Preservation Portfolio, LLC | | |

**DOCKET ENTRY TEXT**

Defendants Woodlawn Community Development Corporation, Southside Preservation Portfolio, LLC, and Third Party Defendant Vincent Lane's motion to dismiss [106], and Third Party Defendants Dennis R. Egidi and DRE, Inc.'s motion to dismiss [107] are granted. The case is dismissed.

■[ For further details see text below.]

Docketing to mail notices.
*Mail AO 450 form.

## STATEMENT

The original plaintiff in this case, the Federal National Mortgage Association ("Fannie Mae") brought this diversity action against defendant Southside Preservation Portfolio, LLC ("Southside Preservation") in an attempt to collect on a defaulted loan of nearly $26,000,000.00. That loan was made to Southside Preservation by Fannie Mae's predecessor in interest, and was secured by a note and a mortgage on a portfolio of twenty-five properties. Fannie Mae attempted to foreclose on these properties under the Illinois Mortgage Foreclosure Law, 735 Ill. Comp. Stat. §§ 5115-1101 *et seq.* In addition, Fannie Mae's complaint named as defendants the Chicago Community Loan Fund ("Community Loan") and the Woodlawn Community Development Corporation ("Woodlawn"), as these parties had also made loans to Southside Preservation, and their rights were subordinate to those of Fannie Mae.

Community Loan then filed a counterclaim against Fannie Mae and cross-claims against Woodlawn and Southside, as well as a third-party complaint against Dre, Inc. and Dennis R. Egidi. In its third-party complaint, Community Loan acknowledged that the only basis for this court's jurisdiction was its supplemental jurisdiction. Shortly thereafter, Fannie Mae moved to substitute Alliant Southside, LLC ("Alliant") as the plaintiff in this case. The court granted that motion. Alliant then entered into negotiations with Southside Preservation, resulting in the entry of a consent judgment. Pursuant to that consent judgment, Alliant agreed to drop its claims against Southside Preservation in exchange for absolute title in the properties in question "free and clear of all claims, liens and interest of Southside [Preservation], including all rights of reinstatement and redemption and all rights of all other persons made a party hereto."

This took care of the underlying complaint, but Community Loan's third-party complaint and cross-claims were still outstanding. The court granted Community Loan leave to amend its complaint, and Community Loan proceeded to bring claims against Dre, Inc., Dennis R. Egidi, Vincent Lane, Southside Preservation and Woodlawn alleging, *inter alia*, fraud in the inducement, consumer fraud and civil conspiracy. Instead of answering the third-party complaint, this court has been presented with two motions to dismiss: one from Woodlawn, Southside Preservation and Vincent Lane, the other from Dennis R. Egidi and Dre, Inc.

| **STATEMENT** |
|---|

The motions are nearly identical. Both argue that this court was deprived of the only basis it had for federal jurisdiction when the original action between Southside Preservation and Alliant was resolved. All of the remaining claims are state-law claims, and all of the parties are citizens of Illinois. Finally, the movants argue that Community Loan will not be deprived of a remedy in the state courts, because the statute of limitations is tolled when a claim is dismissed by a federal district court for lack of subject matter jurisdiction under 735 Ill. Comp. Stat. § 5/13-217. For its part, Community Loan argues that the court is intimately familiar with the case, and that it would better serve judicial economy if the court were to retain supplemental jurisdiction. Community Loan also argues that it may be deprived of a remedy should the court dismiss this action, either based on the statute of limitations or because the cross-defendants might rely on the dismissal as the basis for a *res judicata* defense. But Community Loan's own briefing undercuts this point, as it is careful not to mislead the court—for instance, it cites as "*cf.*" to the relevant state and federal rules providing that a dismissal for lack of subject matter jurisdiction is *not* a decision on the merits, and to the relevant statute tolling the statute of limitations.

Given that this court has dismissed the only claims that provided it with federal jurisdiction, and that Community Loan will not be deprived of a remedy in the Illinois courts, the court can see no reason to exercise supplemental jurisdiction in this case. Although the case has been pending in one form or another for some time, no substantive decisions on the merits have been issued, and neither the parties nor the court have expended substantial time and energy on the issues underlying Community Loan's claims. The court therefore declines to exercise supplemental jurisdiction over Community Loan's claims. *See* 28 U.S.C. § 1367(c)(3). Because no claims remain pending before this court, the case is dismissed.